UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WALTER GRANT,

                Plaintiff,

-against-

ALAN B. SEIDLER,

                Defendant.

19-CV-5323 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at Mohawk Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendant violated his federal constitutional rights. By order dated August 5, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In 1977, Plaintiff Walter Grant was convicted of murder in the New York State Supreme Court, New York County, and the court sentenced him to a term of twenty years to life in prison. *See People v. Grant*, 78 A.D.2d 1017 (1st Dep't 1980). The court appointed Defendant Alan B. Seidler to serve as Plaintiff's appellate lawyer. (*See* ECF No. 2, at 3.)

2

Plaintiff now brings this action under 42 U.S.C. § 1983, alleging that Defendant deprived him of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. The complaint is difficult to understand. Representative of Plaintiff's allegations are the following statements:

> An Notice of Appearance on 1/18/1977, by Alan B. Seidler is a Colorable Claim of Actual Innocence of Murder in the 2nd [degree] of Donald Williams in People v. Walter Grant, on 6/13/1977, under the Ind. No. 261/1977, pursuant to County Law § 722(4), and C.P.L. § 440.10(1), now in the year of 2019, at any time after the entry of a judgment, 6/13/1977, the court in which it was entered may, upon a motion to file by Alan B. Seidler, move to vacate such judgment upon the ground at ¶ (g), on Newly Discovered Evidence on Edward Jr. Dawson and ¶ (h), that the judgment of conviction of Murder in the 2nd [degree] of Donald Williams in People v. Walter Grant, on 6/13/1977, was obtained under a Colorable Claim of Actual Innocence by Alan B. Seidler under the 6th Amendment of the U.S. Constitution.

(ECF No. 2, at 2) (capitalization and grammar in original.)

> Defendant Seidler's judgment of conviction of Murder in the 2nd [degree] of Donald Williams in People v. Walter Grant, is a Colorable Claim of Actual Innocence by Alan B. Seidler that could possibly be "overturned in the future," is being sue[d] for 42 Million Dollars that could be award[ed] to the plaintiff.

(*Id.*) (capitalization and grammar in original.)

The complaint also includes disjointed summaries of some of Plaintiff's previous state-court filings and over 80 pages of exhibits. Among the documents Plaintiff attached is a similarly confusing complaint that he filed against Defendant with the New York Attorney Grievance Committee. The Committee construed his complaint as alleging claims of ineffective assistance of counsel that should be raised in his criminal matter, and determined that there was "insufficient evidence of misconduct and no further action on the part of the Committee is required." (*See* ECF No. 2, at 18-24.)

Nowhere in the complaint does Plaintiff indicate how Defendant violated his federal constitutional rights.

## DISCUSSION

**A.     Claims under 42 U.S.C. § 1983**

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

As Defendant Alan B. Seidler is a private party who does not work for any state or other government body, Plaintiff has not stated a claim against this defendant under § 1983.

**B.     Supplemental jurisdiction over state-law claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**C.      Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to excerise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

5

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 6, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge